EMILY T. PATAJO, Bar No. 250212
JYOTI MITTAL, Bar No. 288084
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Fax No.: 310.553.5583

Attorneys for Defendants
SPRINT CORPORATION,
SPRINT/UNITED MANAGEMENT
COMPANY and SPRINT SOLUTIONS,
INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PORTIA BURLESON, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SPRINT CORPORATION, a business organization, form unknown; SPRINT/UNITED MANAGEMENT COMPANY, a business organization, form unknown; SPRINT SOLUTIONS, INC., a Delaware Corporation; and DOES 1 to 25, Inclusive,<br><br>　　　　　Defendants. | Case No. 5:18-cv-01976 AG (KKx)<br><br>ASSIGNED TO THE HONORABLE JUDGE ANDREW J. GUILFORD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIALLY APPEARING DEFENDANT SPRINT CORPORATION'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(2) AND 12(B)(5)**<br><br>Date: November 5, 2018<br>Time: 10:00 a.m.<br>Courtroom: 10D<br><br>Complaint Filed: August 16, 2018 |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................. 1

II. STATEMENT OF FACTS .................................................................................... 1

III. THE COURT LACKS PERSONAL JURISDICTION OVER SPRINT ............... 2

    A. Plaintiff Bears the Burden of Establishing Personal Jurisdiction ............... 2

    B. The Complaint Should Be Dismissed for Insufficient Service of Process ... 4

    C. There Is No Basis for General Jurisdiction Over Sprint ............................. 4

    D. There is No Basis for Specific Jurisdiction Over Sprint ............................. 7

    E. Sprint Cannot Be Subject to Jurisdiction in California Merely Because its Operating Subsidiaries Do Business Here ................................................... 9

IV. CONCLUSION ..................................................................................................... 10

# TABLE OF AUTHORITIES

Page

**Cases**

*AT&T v. Companie Bruxelles Lampert*,
   94 F.3d 586 (9th Cir. 1996) ............................................................................ 3, 6, 10

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*,
   223 F.3d 1082 (9th Cir. 2000) ........................................................................... 5, 7, 8

*Beene v. Beene*,
   2012 WL 3583021 (N.D. Cal. Aug. 20, 2012) ......................................................... 7

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ................................................................................................. 8

*Calder v. Jones*,
   465 U.S. 783, 790 (1984) ......................................................................................... 8

*Data Disc., Inc. v. Systems Tech Assocs., Inc.*,
   557 F.2d 1280 (9th Cir. 1977) ............................................................................. 3, 6

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs.*,
   840 F.2d 685 (9th Cir. 1988) ................................................................................... 3

*Doe v. Unocal Corp.*,
   248 F.3d 915 (9th Cir. 2001) ................................................................................... 8

*Gallo v. Crawford*,
   No. 2:03-cv-1548-RCJ-LRL, 2007 WL 773845 (D. Nev. Mar. 5, 2007) ................ 3

*Ginyard v. Sprint Corp.*,
   No. 1:17-cv-03807 (N.D. Ga. April 30, 2018) ........................................................ 7

*Gofron v. Picsel Technologies, Inc.*,
   804 F.Supp.2d 1030 (N.D. Cal. 2011) ........................................................... 3, 4, 5, 6

*Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*,
   485 F.3d 450 (9th Cir. 2007) ............................................................................. 9, 10

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ............................................................................................ 3, 5

*Intergel Dev. Corp. v. Weissenbach*,
   99 Cal.App.4th 576 (2002) ...................................................................................... 4

*Key Source Int'l v. Ceecolor Industries, LLC*,
   2012 WL 6001059 (N.D. Cal. Nov. 30, 2012) ........................................................ 6

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

ii.

# TABLE OF AUTHORITIES
(continued)

shim
**Page**

*Local Billing, LLC v. Webbilling*,
  2008 U.S. Dist. LEXIS 103142 (C.D. Cal. 2008) ................................................................. 8

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
  647 F.3d 1218 (9th Cir. 2011) ........................................................................................... 5, 7

*Mizokami Bros. of Ariz., Inc. v. Baychem Corp.*,
  556 F.2d 975 (9th Cir. 1977) ................................................................................................ 9

*Myers v. Bennett Law Offices*,
  238 F.3d 1068 (9th Cir. 2001) .............................................................................................. 3

*Pebble Beach Co., v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006) ........................................................................................... 3, 5

*Pennoyer v. Neff*,
  95 U.S. 714 (1877) ................................................................................................................ 4

*Phonometrics, Inc. v. N. Telecom Inc.*,
  133 F.3d 1459 (Fed. Cir. 1998) ............................................................................................. 7

*Public Storage v. Sprint Corp.*,
  No. 14-cv-2594, 2015 WL 1057923 (C.D. Cal. Mar. 9, 2015) ............................................. 7

*Roth v. Marquez*,
  942 F.2d 617 (9th Cir. 1985) ................................................................................................ 8

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ............................................................................................. 3, 8

*Verde Media Corp. v. Levi*,
  Case No. 14-cv-00891 YGR, 2014 WL 3372081 (N.D. Cal. July 9, 2014) ........................ 2

*Von Grabe v. Sprint PCS*,
  312 F.Supp.2d 1285 (S.D.Cal. 2003) ............................................................................... 6, 9

*William V.R. Smith v. Sprint Corp.*,
  No. 15-cv-02485 (C.D. Cal. June 9, 2015) .......................................................................... 7

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067.3107
310.553.0308

iii.

## I. INTRODUCTION

Plaintiff Portia Burleson has brought this action for alleged violations of federal and state law prohibiting discrimination and/or retaliation against Specially Appearing Defendant Sprint Corporation ("Sprint").[1] However, Sprint should be dismissed because it is a foreign corporation and is not subject to this Court's personal jurisdiction. Namely, Sprint lacks the sufficient minimum contacts with California necessary for such jurisdiction to be exercised.

Sprint is a Delaware corporation headquartered in Overland Park, Kansas. Sprint is primarily a holding company, owning numerous subsidiary corporations, limited liability companies, limited and general partnerships and other types of business entities. Sprint is not licensed to conduct business in California and conducts no business in California. Sprint does not have a registered agent for service of process in California. Sprint does not collect California sales tax nor file California sale tax returns, nor does it pay any other taxes in California. Sprint does not have any employees in California, does not own or lease any offices or real property in California, does not maintain any corporate records in California, and does not maintain bank accounts in California. Without any such continuous or systematic contacts with or activities in California, Sprint has not '"purposefully availed" itself of the benefits of the protection of California law and is not subject to the Court's personal jurisdiction.

## II. STATEMENT OF FACTS

Plaintiff Portia Burleson has brought an action against Sprint for alleged violations of federal and state law prohibiting discrimination and/or retaliation arising out of her employment with Defendant Sprint/United Management Corporation. Complaint, ¶¶ 11-51. Sprint is a Delaware corporation, with its principal place of

---

[1] Plaintiff also named Sprint/United Management Company and Sprint Solutions, Inc. as Defendants.

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067.3107
310.553.0308

business in Overland Park, Kansas. Declaration of Stefan K. Schnopp ("Schnopp Decl.") ¶ 3. Sprint is primarily a holding company, owning numerous subsidiary corporations, limited liability companies, limited and general partnerships and other types of business entities. *Id.* ¶ 4. Plaintiff incorrectly alleges in her Complaint that Sprint "was and is a corporation doing business and having a substantial, continuous and systematic commercial activity in the State of California, County of Riverside." Complaint, ¶ 2. However, Sprint has no physical presence in California and does not engage in any general business operations in California. *Id.* ¶ 5. Sprint is not licensed to conduct business in California and conducts no business in California. *Id.* ¶ 6. Nor does Sprint have a registered agent for service of process in California. *Id.* at ¶ 7.

With respect to tax-related matters, Sprint itself does not collect California sales tax nor file California sale tax returns, nor does it pay any other taxes in California. *Id.* ¶ 8. Sprint does not have any employees in California, does not own or lease any offices or real property in California, does not maintain any corporate records in California, and does not maintain bank accounts in California. *Id.* ¶¶ 9-12.

Operating subsidiaries of Sprint are authorized to provide their services in California using the d/b/a "Sprint." *Id.* ¶ 13. Those operating subsidiaries are responsible for service agreements with California customers. *Id.* The operating subsidiaries of Sprint that do business, and/or provide wireless service, in California each have designated agents for service of process in California and that information is on file with the California Secretary of State. *Id.* ¶ 14. Those operating entities maintain ongoing operations and are each currently solvent. *Id.*

### III. THE COURT LACKS PERSONAL JURISDICTION OVER SPRINT

#### A. Plaintiff Bears the Burden of Establishing Personal Jurisdiction.

A defendant may move to dismiss under Rule 12(b)(5) for insufficient service of process. FED. R. CIV. P. 12(b)(5); *see also Verde Media Corp. v. Levi*, Case No. 14-cv-00891 YGR, 2014 WL 3372081, at *2 (N.D. Cal. July 9, 2014). "A federal court does not have jurisdiction over a defendant unless the defendant has been served

properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs.*, 840 F.2d 685, 688 (9th Cir. 1988). "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *See, e.g.*, *Gallo v. Crawford*, No. 2:03-cv-1548-RCJ-LRL, 2007 WL 773845, at *2 (D. Nev. Mar. 5, 2007) (quoting *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.,* 635 F.2d 434, 435 (5th Cir. 1981)). Thus, Plaintiff bears the burden of showing that service was valid.

A defendant may also move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Plaintiff bears the burden of establishing that this Court has personal jurisdiction over Sprint. *Pebble Beach Co., v. Caddy,* 453 F.3d 1151, 1154 (9th Cir. 2006); *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). Absent a plaintiff's ability to prove service or domicile with the state, consent or minimum contacts, a court lacks personal jurisdiction over a defendant and the action must be dismissed under F.R.C.P. 12(b)(2). *See Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden of making a *prima facie* case that personal jurisdiction exists. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir. 2001). A court may consider evidence presented in affidavits to assist in its determination. *Data Disc., Inc. v. Systems Tech Assocs., Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977). Although *uncontroverted* allegations in the complaint must be taken as true, a court **may not** assume the truth of such allegations if they are contradicted by affidavit. *See AT&T v. Companie Bruxelles Lampert,* 94 F.3d 586, 588 (9th Cir. 1996); *Data Disc*, 557 F.2d at 1284. Further, a court *may not* take as true plaintiff's allegations supporting jurisdiction when they are based ***solely*** on an unverified complaint or opposition brief for purposes of a motion to dismiss for lack of personal jurisdiction. *Gofron v. Picsel Technologies, Inc*., 804 F.Supp.2d 1030, 1037 (N.D. Cal. 2011).

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

Here, Plaintiff cannot make even a *prima facie* showing because Sprint does not have any contacts with California sufficient to justify the exercise of either general or specific jurisdiction.

### B. The Complaint Should Be Dismissed for Insufficient Service of Process.

In order to properly serve a corporation, a plaintiff must either serve the corporation pursuant to the laws of the state in which the district court is located (FED. R. CIV. P. 4(e)(1)), or the service must be effected by delivery to an officer, a managing or general agent, or by delivery to any another agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(h)(1)(B); *see* MOORE'S FEDERAL PRACTICE (3d Ed.) § 4.53[2].

Here, as discussed above, Plaintiff has failed to effectuate service of process on Sprint. Again, a registered agent for Sprint has not been served with a summons and a copy of the Complaint in this action. Schnopp Dec. ¶ 14.

Accordingly, Plaintiff's failure to effectively serve Sprint warrants dismissal of her Complaint against it.

### C. There Is No Basis for General Jurisdiction Over Sprint.

Traditionally, the bases for personal jurisdiction include service or domicile within the state where the lawsuit is proceeding, or consent. *Pennoyer v. Neff,* 95 U.S. 714, 722 (1877). Here, it is undisputed that Sprint was not served in California, is not domiciled in California, and that it otherwise has not consented to jurisdiction over the courts in California. Therefore, the Court must look to California's long arm statute, which permits the exercise of personal jurisdiction to the same extent as permitted under the United States Constitution. *See Intergel Dev. Corp. v. Weissenbach*, 99 Cal.App.4th 576, 583 (2002). "There are two independent limitations on a court's power to exercise personal jurisdiction over a non-resident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process." *Gofron*, 804 F.Supp.2d. at 1035 (citing *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990)).

"California's jurisdictional statute is coextensive with federal due process requirements; therefore, jurisdictional inquiries under state law and federal due process standards merge into one analysis." *Id.* (citing *Rano v. Sipa Press, Inc.,* 987 F.2d 580, 587 (9th Cir. 1993)). Accordingly, in order to determine that the exercise of personal jurisdiction over nonresident Sprint is proper in this action, the Court must find that the "exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co.,* 453 F.3d at 1154-55. In making this determination, a court may exercise general or specific jurisdiction over a non-resident defendant.

The exercise of jurisdiction over a non-resident defendant violates the protections created by the due process clause *unless* the defendant has "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. The Ninth Circuit has emphasized that the standard for establishing general jurisdiction is exacting. *Mavrix Photo, Inc. v. Brand Techs., Inc.,* 647 F.3d 1218, 1224 (9th Cir. 2011) (int. quot. omitted). Therefore, general jurisdiction exists only where the defendant's contacts with the forum state are so substantial or continuous and systematic that jurisdiction exists even if the cause of action is unrelated to those contacts. *See Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000).

"To determine whether a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, [courts] consider their [l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." *Mavrix,* 647 F.3d at 1224. In other words, the court looks at the economic reality of the defendant's activities in the state and considers factors such as "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Bancroft*, 223 F.3d at 1082.

As a preliminary matter, Plaintiff's allegations supporting the exercise of ostensible personal jurisdiction over Sprint may not be taken as true because they are based solely on her *unverified* Complaint. *See Gofron,* 804 F.Supp.2d at 1037. Likewise, because those allegations are contradicted by Sprint's declaration, they may not be taken as true. *See AT&T*, 94 F.3d at 588. Indeed, Sprint has proffered the declaration of one of its officers that directly contradicts Plaintiffs' erroneous allegations that Sprint has been actively conducting business in California. *See* Schnopp Decl., ¶¶ 3-14; *Data Disc.,* 557 F.2d at 1285 (a court may consider evidence presented in affidavits to assist in its determination).

To that end, Sprint's proffered declaration establishes that it does not have "substantial, continuous and systematic" contacts with California. Sprint has no physical presence in California, is not licensed to and does not conduct any business in California, does not have a registered agent for service of process in California, does not own or lease any property in California, and does not have any employees in California. *See* Schnopp Decl., at ¶¶ 5-7, 9. Further, Sprint does not collect California sales taxes or file California sales tax returns, and it does not pay any other taxes in California. *Id.* ¶ 8.

On analogous facts involving Sprint Corporation, in *Von Grabe v. Sprint PCS*, 312 F.Supp.2d 1285, 1295-97 (S.D.Cal. 2003) ("*Von Grabe*"), the Southern District of California found that personal jurisdiction could not be exercised as to Sprint Corporation. Based on the entity's lack of operations in California, including its lack of property in California, lack of offices in California, the fact that it was not registered to conduct business in California, and lack of officers or employees in California, the Court noted that "[s]uch lack of contacts generally are held sufficient to successfully challenge the exercise of general jurisdiction" and dismissed the entity for lack of personal jurisdiction. *Id.* at 1295; s*ee also Key Source Int'l v. Ceecolor Industries, LLC*, 2012 WL 6001059 at *2 (N.D. Cal. Nov. 30, 2012) (general jurisdiction was not proper where defendants were incorporated in Delaware, did not

reside in California, were not domiciled in California and did not maintain an office or conduct business in California); *Mavrix,* 647 F.3d at 1225 (the alleged contacts did not meet the exacting standard where the defendant showed it had no offices or staff in California, had no registered agent for service of process, did not pay state taxes, and did not market its own business in California); *Beene v. Beene*, 2012 WL 3583021 at *4 (N.D. Cal. Aug. 20, 2012) (burden for establishing general jurisdiction not met where company's chief financial officer attested that it "is not registered to do business in California, has no registered agent in California, has no sales officers or distributors in California, has no California licenses or permits, and has not filed suit in California," and that it "has no employees in California, does not directly target media advertising or marketing to California, does not maintain warranty or service facilities in California, does not have an office in California, does not have a bank account in California, does not own property in California . . .").

Sprint's ties to California – or more specifically, the lack thereof – are wholly insufficient to establish general jurisdiction. *Bancroft*, 223 F.3d at 1086; *see also Public Storage v. Sprint Corp.*, No. 14-cv-2594, 2015 WL 1057923 at *5 (C.D. Cal. Mar. 9, 2015) (no personal jurisdiction over Sprint in California) (attached as **Exhibit A** to Sprint's Request for Judicial Notice In Support of Its Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2) ("RJN")); *William V.R. Smith v. Sprint Corp.,* No. 15-cv-02485 (C.D. Cal. June 9, 2015) (no personal jurisdiction over Sprint in California) (attached as **Exhibit B** to Sprint's RJN); *Ginyard v. Sprint Corp.*, No. 1:17-cv-03807 (N.D. Ga. April 30, 2018) (no personal jurisdiction over Sprint in Georgia) (attached as **Exhibit C** to Sprint's RNJ); *Phonometrics, Inc. v. N. Telecom Inc.,* 133 F.3d 1459, 1468 (Fed. Cir. 1998) (no personal jurisdiction over Sprint in Florida).

### D. There is No Basis for Specific Jurisdiction Over Sprint.

Sprint is not subject to general jurisdiction in California. Accordingly, for Plaintiff's Complaint to survive this motion, the Court must determine: 1) Sprint purposefully availed itself of the privilege of conducting activities in California,

thereby invoking the benefits and protections of California's laws; **and** (2) Plaintiff's claims arise directly out of Sprint's activities in California; **and** (3) exercise of jurisdiction would be reasonable. *Roth v. Marquez,* 942 F.2d 617, 620–21 (9th Cir. 1985). Plaintiff bears the burden of proving the first two prongs of this test, and "if the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum." *Local Billing, LLC v. Webbilling*, 2008 U.S. Dist. LEXIS 103142, *10 (C.D. Cal. 2008) (citing *Pebble Beach Co.*, 453 F.3d at 1155). Only after the plaintiff has established the first two prongs must a defendant show that the exercise of jurisdiction would not be reasonable. *Schwarzenegger,* 374 F.3d at 802. None of these three factors, let alone all three, can be satisfied with respect to Sprint. As a result, Sprint's Motion to Dismiss should be granted.

Purposeful availment "requires a finding that the defendant has performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001). The Supreme Court in *Calder v. Jones* held that a foreign act that is both aimed at and has "effect" in the forum state satisfies the purposeful availment prong of specific jurisdiction analysis. 465 U.S. 783, 790 (1984); *Bancroft,* 223 F.3d at 1087. To meet the so-called "effects test", defendant must have (1) committed an intentional act that was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state. *Id.* As such, the exercise of specific personal jurisdiction is proper only where the contacts proximately result from actions by the defendant *himself* that create a "substantial connection" with the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985). Purposeful availment occurs only where "defendant deliberately has engaged in significant activities within a State … or has created continuing obligations between himself and residents of the forum," thereby manifestly availing "himself of the privilege of conducting business there." *Id.* As discussed at length above, Sprint does not conduct any business in California.

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

Schnopp Decl. ¶¶ 3-14. Furthermore, Plaintiff has failed to allege any uncontroverted facts that demonstrate that Sprint engages in any significant activities within California. As in *Von Grabe*, wherein the court determined no specific personal jurisdiction existed as to Sprint Corporation on the basis of analogous facts, no specific personal jurisdiction exists here. 213 F.Supp.2d at 1295-97.

Accordingly, because Sprint has not purposefully availed itself of the privileges of conducting business in California, it is not subject to specific personal jurisdiction in California.

### E. Sprint Cannot Be Subject to Jurisdiction in California Merely Because its Operating Subsidiaries Do Business Here

Nor can Sprint be subject to jurisdiction in California merely because its operating subsidiaries do business here. It is well-established that a court may not exercise personal jurisdiction over a parent corporation merely because it has jurisdiction over a subsidiary. *See, e.g., Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450 (9th Cir. 2007); *Mizokami Bros. of Ariz., Inc. v. Baychem Corp.*, 556 F.2d 975, 977 (9th Cir. 1977) ("[t]he mere existence of the parent subsidiary relationship is not alone a sufficient basis for long arm jurisdiction of the parent."). The Court of Appeals for the Ninth Circuit's holding in *Holland Am. Line* is controlling precedent on point. In that case, the Ninth Circuit dismissed Wärtsilä, a foreign corporation, for lack of personal jurisdiction despite allegations that the company's subsidiaries had manufactured, designed, or sold the engine alleged to have caused fire in a cruise ship. *Id.* at 454. As the Court in *Holland Am. Line* held:

> Wärtsilä itself has not put any products into the stream of commerce that might have ended up in the forum, whether through a distributorship agreement or otherwise. That alone ends the inquiry. To the extent that [Plaintiff] seeks to impute the activities of Wärtsilä NA [the subsidiary] to Wärtsilä, this argument has little traction. It is well established that, as a general rule, where a parent and a subsidiary are separate and distinct corporate entities, the presence of one, i.e., Wärtsilä NA, in a forum state may not be attributed to the other, i.e., Wärtsilä.

*Id.* at 459 (emphasis in original) (*citing Unocal Corp.*, 248 F.3d at 925).

Courts have permitted a parent corporation's relationship with a subsidiary to confer personal jurisdiction over the parent ***only*** if the subsidiary is acting as the parent company's alter ego under the forum state's law. *See, e.g, AT&T*, 94 F.3d at 590-91 (rejecting jurisdiction where no showing of alter ego status). Plaintiff's Complaint, however, does not, and cannot, allege any alter ego relationship between Sprint and any of its subsidiaries. Plaintiff cannot proffer any evidence to show that any of Sprint's subsidiaries were the alter ego of Sprint and does not even allege such. Indeed, there is no allegation of fraud or misuse of the corporate form, and there is no allegation that fundamental injustice or unfairness would result if this Court declined to pierce the corporate veil. *See* Complaint, *generally*. The absence of such allegations, by itself, warrants the conclusion that the Complaint fails to allege facts sufficient to support an alter ego theory in this case. Thus, Plaintiff cannot establish jurisdiction over Sprint based on the presence of its subsidiaries. Under these circumstances, Plaintiff fails to establish the existence of personal jurisdiction over Sprint and this Court should dismiss the Complaint against Defendant Sprint Corporation in its entirety.

## IV. CONCLUSION

For the foregoing reasons, Defendant Sprint Corporation respectfully requests from this Court an Order dismissing Sprint Corporation with prejudice for lack of personal jurisdiction.

Dated: September 20, 2018

/S/ *Jyoti Mittal*
EMILY T. PATAJO
JYOTI MITTAL
Attorneys for Defendants
SPRINT CORPORATION,
SPRINT/UNITED MANAGEMENT
COMPANY and SPRINT
SOLUTIONS, INC.

FIRMWIDE:156999287.4 099448.1003

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067.3107
310.553.0308

10.